UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MITCHELL DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV128 JAR |
| | ) | |
| JOEY ARCAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $26.00, which is twenty percent of his average monthly balance. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff has been in solitary confinement since about June 14, 2014, when he seriously injured his cell mate. According to his most recent Classification Hearing Form, defendant Alan Earl, the Deputy Warden at Potosi Correctional Center, has ordered that he remain in a single cell for an indefinite period. Defendants Joey Arcand, Brian Boyer, and Jason Lee were the members of the classification committee that noted Earl's order on January 26, 2016. According to the Form, plaintiff's next review date is April 19, 2016. Plaintiff believes that defendants do not plan to release him to the general population. Plaintiff sues defendants in their individual and official capacities.

## Discussion

The Court finds that the complaint states a plausible claim for relief against Alan Earl, in his individual capacity, regarding his order that plaintiff remain in administrative segregation for an indefinite period of time. *See Williams v. Hobbs*, 662 F.3d 994, 1000 (8th Cir. 2011) (whether prison officials conduct meaningful reviews of classification status is a fact issue). As a result, the Court will order the Clerk to issue process on Earl.

Plaintiff's official-capacity claims against defendants are barred by sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Therefore, these claims are dismissed.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and

§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth facts showing that defendants Joey Arcand, Brian Boyer, or Jason Lee are responsible for his long-term placement in administrative segregation. Their only involvement in the placement was to carry out Earl's order that he remain in administrative segregation as of January 26, 2016. As a result, the Court will dismiss these defendants without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $26.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to issue process on defendant Alan Earl.

**IT IS FURTHER ORDERED** that defendants Joey Arcand, Brian Boyer, and Jason Lee are **DISMISSED** without prejudice.

Dated this 3rd day of February, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE